# Exhibit 5

Effective Date: April 5, 2015

2/24/2015

## 31-O-15

## AN ORDINANCE

## Amending Title 9, Chapters 12 and 13, Regarding Hazardous Materials Cost Recovery

NOW BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF EVANSTON, COOK COUNTY, ILLINOIS, THAT:

SECTION 1: Legislative Statement.

At the time of passage of this Ordinance, the City of Evanston determined that there is a need to revise regulations following recent incidents in the City of Evanston which resulted in large expenditures of taxpayer funds. During emergency situations, the City of Evanston dispatches vehicles, equipment and personnel to respond to emergency matters. The City is always concerned for the safety and welfare of its residents, and seeks to prudently recover taxpayer monies incurred in large incidents. Therefore, updating portions of the City of Evanston Municipal Code that speak to Hazardous Materials Cost Recovery to reflect updated, current costs would be beneficial to the City of Evanston and its taxpayer. This Ordinance seeks to streamline the services and costs provided by the City during emergency situations where the need to respond to an emergency situation arises from the acts of an outside party. This Ordinance is modeled after the Illinois Hazardous Material Emergency Response Reimbursement Act, 430 ILCS 55 ("the Act').

Article VII, Section (6)a of the Illinois Constitution of 1970 states that, "a home rule unit may exercise any power and perform any function pertaining to its government

31-O-15

and affairs including, but not limited to, the power... to license." As a home rule unit, the City of Evanston's powers shall be construed liberally. *Scadron v. City of Des Plaines*, 153 Ill.2d 164 (1992). This ordinance is presumed constitutional and the burden of rebutting that strong presumption is on the party challenging the validity of the statute to clearly demonstrate a constitutional violation. *Napleton v. Village of Hinsdale*, 229 Ill.2d 296, 306 (2008). It is well-settled law in Illinois that the legislative judgment of the City Council must be considered presumptively valid. *Glenview State Bank v. Village of Deerfield*, 213 Ill.App.3d 747, (2nd Dist. 1991). A court has a duty to uphold the constitutionality of a statute/ordinance when reasonably possible, and if a statute's/ordinance's construction is doubtful, the court will resolve the doubt in favor the statute's/ordinance's validity. *Id.* citing to *People ex rel. Sherman v. Cryns*, 203 Ill.2d 264, 291 (2003).

City staff reviewed and considered comparable ordinances from similarly situated jurisdictions regarding reimbursement of emergency response costs. The City Council finds that that there is a compelling governmental interest in implementing reasonable reimbursement costs on responsible parties in certain situations in the City under this Ordinance to promote the health, safety, and welfare of City residents and visitors alike.

The City Council held meetings in compliance with the provisions of the Illinois Open Meetings Act, considered the, statements, points and authorities made in the legislative Record, and received additional input from the public.

**SECTION 2:** Section 9-12-1 of the City of Evanston Municipal Code, "Definitions," is hereby amended to include the following:

~2~

31-O-15

| RESPONSIBLE PARTY: | A person who: |
|---|---|
| | (A) Owns or has custody of hazardous material that is involved in an incident requiring emergency action by an emergency response agency; or |
| | (B) Owns or has custody of bulk or non-bulk packaging or a transport vehicle that contains hazardous material that is involved in an incident requiring emergency action by an emergency response agency; and |
| | (C) Whose negligent, reckless, or willful act or omission proximately caused or substantially constituted cause of such release. |

SECTION 2: Section 9-12-2 of the City of Evanston Municipal Code, "Liability for Hazardous Substance Incident Removal or Abatement Costs," is hereby amended to read as follows:

## 9-12-2: - LIABILITY FOR HAZARDOUS SUBSTANCE INCIDENT REMOVAL OR ABATEMENT COSTS:

(A)     The Fire and Life Safety Services Department is authorized to remove or abate the effects of any hazardous substance incident involving the actual or threatened release of a hazardous material 1) upon or into property or facilities in the City or along its lakefront or 2) pursuant to any mutual aid box alarm system (MABAS) agreement in effect, it being understood that such aid will be rendered outside the City limits. The following described responsible party shall be jointly and severally liable a) to the City for the payment of all costs incurred by the City as a result of such removal and/or abatement activity, and b) to any member unit of the MABAS agreement rendering aid to the City pursuant to said agreement.

1.     The person or persons who owned or had custody or control of the hazardous substance at the time of such release, without regard to fault or proximate cause; and

31-O-15

2.  The person or persons who owned or had custody or control of the container, transport vehicle, or transport vessel which held such hazardous substance at the time of, or immediately prior to, such release, without regard to fault or proximate cause; and

3.  Any person owning or in control of any real property from which a hazardous substance is or may be released.

(B)  In the event that any responsible party undertakes, voluntarily or upon order of the Fire Chief, to remove or abate the effects of any actual or threatened hazardous substance release upon or into any property or facility in the City, or along its lakefront, the Fire Chief may take such action as is necessary to supervise or verify the adequacy of the removal or abatement. The responsible party described in subsections (A)1 through (A)43 of this Section shall be liable to the City for all costs incurred as a result of such supervision or verification.

SECTION 3: Section 9-12-3 of the City of Evanston Municipal Code,

"Removal or Abatement Costs," is hereby amended to read as follows:

**9-12-3: - REMOVAL OR ABATEMENT COSTS:**

(A)  For purposes of this Chapter, costs incurred by the City shall include, but shall not be limited to, the following, whether incurred within the City, along its lakeshore or outside the city limits as a result of rendering mutual aid pursuant to the MABAS agreement:

| | |
|---|---|
| (a) | actual labor cost of City personnel, including benefits and administrative overhead; |
| (b) | costs of consultants whose expertise is required to remove or abate the incident or to assess the nature and extent of damage done; |
| (c) | cost of equipment operation; replacement cost of vehicles or equipment which, in the determination of the Fire Chief, is contaminated beyond reuse or repair; |
| (d) | laboratory costs; |
| (e) | cost of materials or equipment obtained directly by the City; |
| (f) | cost of any contract or mutual aid labor and materials; and |
| (g) | attorney fees incurred in collecting monies owed to the City by liable parties |

31-O-15

(B)  When the action to remove or abate the effects of a hazardous substance includes extinguishing a fire, the costs may only include the expenses, such as:

| Per each vehicle per hour | $500 |
|---|---|
| Per suppression member per hour | $200 |
| Per administrator/inspector per hour | $100 |

A minimum of one hour shall be charged. Subsequent hours will be billed at fifteen (15) minute increments.

(C)  Nothing contained in this Chapter shall be construed to change or impair any right of recovery or subrogation arising under any mutual aid agreement or any other ordinance, statute, or provision of law. No criminal quasi-criminal remedy for any wrongful action shall be excluded or impaired by this Chapter.

(D)  All payments due from a responsible party shall be reimbursed to the City within 60 days after the receipt of a bill for the hazardous substance incident removal or abatement costs. If reimbursement is not received, the City Manager may direct the Corporation Counsel to take appropriate legal action.

(E)  A MABAS member unit rendering aid to the City in a hazardous substances incident pursuant to the MABAS agreement shall have its own right of action under this chapter for recovery of costs.

SECTION 4: Section 9-12-5 of the City of Evanston Municipal Code,

"Severability," is hereby deleted in its entirety as follows:

SECTION 5: Section 9-13-3 of the City of Evanston Municipal Code,

"Fees," is hereby amended to read as follows:

**9-13-3: - FEES:**

The following fees shall apply to all acts enumerated in Section 9-13-2 of this Chapter:

| Per each vehicle per hour | $500 |
|---|---|
| Per suppression member per hour | $200 |
| Per administrator/inspector per hour | $100 |

A minimum of one hour shall be charged. Subsequent hours will be billed at fifteen (15) minute increments.

31-O-15

**SECTION 6:** Section 9-13-5 of the City of Evanston Municipal Code, "Waiver of Fees," is hereby amended to read as follows:

**9-13-5: - WAIVER OF FEES:**

The City Manager or his/her designee may waive or reduce fees, upon his/her discretion, based on mitigating circumstances.

**SECTION 7:** The findings and recitals contained herein are declared to be prima facie evidence of the law of the City and shall be received in evidence as provided by the Illinois Compiled Statutes and the courts of the State of Illinois.

**SECTION 8:** All ordinances or parts of ordinances in conflict herewith are hereby repealed.

**SECTION 9:** If any provision of this ordinance or application thereof to any person or circumstance is ruled unconstitutional or otherwise invalid, such invalidity shall not affect other provisions or applications of this ordinance that can be given effect without the invalid application or provision, and each invalid provision or invalid application of this ordinance is severable.

**SECTION 10:** This ordinance shall be in full force and effect from and after its passage, approval, and publication in the manner provided by law.

31-O-15

Introduced: _March 9_ , 2015
Adopted: _March 23_ , 2015

Approved:

_March 25_ , 2015

_Elizabeth B Tisdahl_
Elizabeth B. Tisdahl, Mayor

Attest:

_Rodney Greene_
Rodney Greene, City Clerk

Approved as to form:

_W. Grant Farrar_
W. Grant Farrar, Corporation Counsel