IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| City of Evanston, | : | |
| | : | |
| Plaintiff, | : | Case No. 16-cv-5692 |
| | : | |
| v. | : | Honorable John Z. Lee |
| | : | |
| Northern Illinois Gas Company and | : | Honorable Maria Valdez |
| Commonwealth Edison Company, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF CITY OF EVANSTON'S
MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), and Federal Rule of Civil Procedure 65(a), Plaintiff, the City of Evanston (the "City"), hereby asks the Court to enter a preliminary injunction requiring Defendants, Northern Illinois Gas Company and Commonwealth Edison Company (collectively, the "Utilities"), to (1) investigate and identify the location of certain pipelines in the City; (2) determine the extent of contamination caused by leakage of certain hazardous wastes from such pipelines; and (3) develop a remedial action plan to address such contamination. In support of this Motion, Plaintiff states as follows:

1.      For decades, the Defendant Utilities manufactured gas at a plant on the border with the City, distributing that gas via pipelines buried, among other places, very near where the City's James Park now sits. While the Utilities obtained a "No Further Remediation" letter for the gas plant in Skokie (the "Skokie MGP") from the Illinois EPA, they left their defunct Evanston distribution pipelines (the "NIGC Pipelines") in the ground to decay. As a result, hazardous byproducts of the gas manufacturing process ("MG Waste Oils") that condensed within the

pipelines have leaked from those pipelines, contaminated the soil, traveled down to the City's municipal water lines, and encrusted those water lines – both inside and out – with a black crust that potentially endangers human health. What is more, the hazardous MG Waste Oils that did not encrust the City's drinking water lines traveled farther down through the soil toward bedrock, where they decomposed and left a hazardous deposit of methane now trapped at high pressure, further potentially endangering human health, should the methane be unexpectedly released or make its way upward.

2.      The escape of MG Waste Oils from the Utilities' pipelines may endanger human health in at least three ways (not to mention endanger the environment). In particular: (1) The MG Waste Oils around, on and inside the Dodge Avenue Water Line (in the form of a black crust) can release contaminants, including benzo(a)pyrene or BaP, into the City's drinking water at concentrations exceeding the Maximum Contaminant Level (MCL) established under the Safe Drinking Water Act; (2) methane, produced by the degradation of the fugitive MG Waste Oils, can cause death or serious bodily injury by explosion or asphyxiation; and (3) utility and construction workers, including employees of the Utilities and City who frequently work in excavations in Dodge Avenue and Oakton Street, may be exposed to dangerous concentrations of the hazardous MG Waste Oils.

3.      For purposes of obtaining a preliminary injunction under RCRA, the evidence more than sufficiently demonstrates (1) that the Utilities are "past or present generator[s], past or present transporter[s], or past or present owner[s] or operator[s] of a treatment, storage, or disposal facility;" (2) that they have "contributed" to the handling of a solid or hazardous waste; and (3) that the waste "may present an imminent and substantial danger to health or the environment."

*City of Evanston v. Northern Illinois Gas Co.*, 229 F. Supp. 3d 714, 720-21 (N.D.Ill. 2017) (quoting 42 U.S.C. § 6972(a)(1)(B)).

4.    The City will suffer irreparable harm absent the requested injunction; the City cannot be compensated through traditional legal remedies; and the balance of equities favors entering the requested injunction.  Requiring the Defendants, at least as a preliminary step, to investigate and identify the location of the NIGC Pipelines, determine the extent of contamination caused by leakage of MG Waste Oils from such pipelines, and develop a remedial action plan to address such contamination, is the appropriate remedy at this stage under RCRA § 6972(a)(1)(B). *See, e.g.*, *Maine People's Alliance v. Mallinckrodt, Inc.*, 471 F.3d 277, 280, 296-98 (1st Cir. 2006).

5.    The basis for the City's Motion and for entering the requested preliminary injunction are further set forth in the accompanying Memorandum, and Appendix of Exhibits, in support of the Motion.

WHEREFORE, for the foregoing reasons, and for the reasons set forth in its Memorandum and Appendix of Exhibits in support of this Motion, and at hearing of this Motion, Plaintiff, the City of Evanston, respectfully requests that the Court enter a preliminary injunction requiring Defendants, Northern Illinois Gas Company and Commonwealth Edison Company, to:

1)   Investigate and identify the location of the NIGC Pipelines throughout the City;

2)   Determine the extent of contamination caused by leakage of MG Waste Oils from the NIGC Pipelines, including identify the locations (a) where MG Waste Oils have penetrated or threaten to penetrate the City's Dodge Avenue Water Line, (b) where MG Waste Oils have degraded, or threaten to degrade, into methane, and (c) where MG Waste Oils may endanger construction and utility workers who enter excavations in and along Oakton Street, Dodge Avenue and other locations in the City; and

3)   Develop a remedial action plan to address such contamination.

Respectfully submitted,

Dated: December 1, 2017          */s/ Thomas D. Brooks*

Jeffery D. Jeep                 Harvey J. Barnett
Jeep & Blazer, LLC              Thomas D. Brooks
3023 N. Clark Street            Trevor K. Scheetz
Chicago, IL 60657               Sperling & Slater, P.C.
(773) 857-1843                  55 West Monroe Street, Suite 3200
                                Chicago, IL 60603
                                (312) 641-3200

                                *Attorneys for Plaintiff*
                                *City of Evanston*

**CERTIFICATE OF SERVICE**

I, Thomas D. Brooks, hereby certify that on December 1, 2017, I electronically filed the foregoing PLAINTIFF CITY OF EVANSTON'S MOTION FOR PRELIMINARY INJUNCTION via the Court's CM/ECF system, which will deliver electronic notice of filing to all counsel of record.

*/s/ Thomas D. Brooks*_____
Thomas D. Brooks