IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| City of Evanston, | ) | Case No. 16-CV-5692 |
| | ) | |
| Plaintiff, | ) | Judge John Z. Lee |
| | ) | |
| v. | ) | Magistrate Judge Maria Valdez |
| | ) | |
| Northern Illinois Gas Company, and | ) | |
| Commonwealth Edison Company, | ) | |
| | ) | |
| Defendants. | ) | |

**UTILITIES' JOINT MOTION IN LIMINE TO BAR
PLAINTIFF'S EXPERTS' OPINIONS NOT DISCLOSED
PURSUANT TO THE RULES OR THE COURT'S ORDERS**

Pursuant to Federal Rules of Civil Procedure 26 and 37, and upon the authority of orders this Court entered to provide for orderly expert discovery in advance of the preliminary injunction hearing that is scheduled to begin on the morning of August 14, 2018, Defendants Northern Illinois Gas Company and Commonwealth Edison Company (collectively, the "Utilities") respectfully request the Court to bar the Plaintiff's experts from testifying to any previously undisclosed opinions in violation of this Court's orders. This motion is necessitated by materials provided by the City to the Utilities for the first time on August 12 and by the refusal of the City to reconsider its position in meet-and-confer communications on August 12 and August 13. In support of this Motion, the Utilities state as follows:

***Factual Background***

1. This Court has put into place an orderly schedule for the disclosure of expert opinions in advance of this preliminary injunction hearing. On December 15, 2017, about two weeks after Plaintiff filed its preliminary injunction motion in this case initially filed with the Court on May 31, 2016, the Court provided for Plaintiff's expert disclosures under Rule 26(a)(2) to be

1

made by March 2, 2018. (D.E. 99.) Thereafter, on February 20, 2018, the Court acted on a joint motion to extend the schedule, providing that Plaintiff's expert disclosures would be due on March 23, 2018. (D.E. 112.) The Utilities proceeded to depose the Plaintiff's experts, based on the expert document discovery and reports that Plaintiff had provided. Upon Plaintiff's motion, the Court on May 17, 2018 extended the schedule for the preliminary injunction hearing so that it is to begin tomorrow, August 14. (D.E. 132.)

2. This Court on June 13, 2018 refused Plaintiff's request to offer rebuttal expert testimony. (D.E. 139.) In other words, under the Court's orders as a whole, Plaintiff was to complete its expert disclosure on March 23, 2018 and was not to have an opportunity to supplement its experts' testimony with additional information not disclosed on March 23, 2018.

3. Then, on August 12 and 13, 2018, Plaintiff produced certain documents it termed "demonstrative exhibits the City may use during the upcoming preliminary injunction hearing that have not already been produced." (Ex. A, T. Scheetz 8/12/18 12:42 PM Email.) As counsel for the Utilities reviewed the exhibits, they noticed immediately that the exhibits signaled that the City would be presenting new testimony from their experts. (*Id.*, M. Ter Molen 8/12/18 4:54 PM Email.)

4. The last-minute nature of this disclosure did not make clear precisely what the new expert testimony would be, but the exhibits clearly signaled that experts would be testifying to subject matters not in their reports. For example, one of the exhibits was an excerpt from a Brown's directory containing a summary of "Annual Volume of Drip Oil Produced during operation of Skokie MGP," (Ex. B, "Calculation Demonstrative"), but Mr. Hendron's report says absolutely nothing about drip oil volumes as calculated in Brown's, and nor does his deposition testimony quantify drip oil volumes, let alone with any reference to Brown's. In addition,

2

Plaintiff's demonstratives included certain pages of a 46-page power-point presentation on "Petroleum Hydrocarbon Forensics" labeled as a February 2016 presentation by Plaintiff's expert Alan Jeffrey (Ex. C, Excerpt from Jeffrey Demonstrative), but Jeffrey's report did not address anything in the presentation.

5. The Utilities immediately sought to resolve the matter by having Plaintiff confirm that it would agree, at the hearing, not to exceed the scope of its experts' disclosed opinions. (Ex. A, A. Vail 8/13/18 2:36 PM Email.) Plaintiff instead argued that the drip oil volumes were within the scope of Mr. Hendron's disclosures because "the subject matter" was a "topic of questioning" at his deposition. (*Id.*, T. Brooks 8/13/18 3:02 PM Email.) The record establishes, though, that Mr. Hendron possessed no drip oil volume data at all at his deposition.[1] Plaintiff never addressed the Jeffrey presentation. But more troubling was Plaintiff's refusal to agree that it would not seek to have its experts testify beyond the scope of their May 23 disclosures.

6. The foregoing are only two examples now presented to the Utilities of new subject matter, beyond the scope of the expert reports. Coupled with Plaintiff's refusal to agree not to exceed the scope of their March 23 expert disclosures, they provide an ample basis for a very direct order that Plaintiff simply may not offer expert testimony beyond the scope of its expert disclosures, for the reasons stated below.

### *Argument*

7. Federal Rule of Civil Procedure 26(a)(2)(D) provides that expert witnesses must disclose their opinions "at the times and in the sequence that the court orders." The expert reports

---

[1] In fact, Mr. Hendron, when asked at his deposition whether he had any specific information about the volume of MG "waste oils" were collected in drip pots at the Skokie MGP site, responded that "I don't have any number on the size of the drip pots or the frequency of their removal or the volume removed during each load. *I don't have data on that*." (Ex. D, Hendron Dep. at 392-93 (emphasis added).)

3

themselves "must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them . . . ." Fed. R. Civ. P. 26(a)(2)(B).

8. Rule 37(c) in turn provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, *at a hearing*, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added); *see also* 8A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. and Proc.* § 2031.1 (3d ed. 2018) (explaining that the Rule that "all opinions" be disclosed in an expert's report is strictly enforced so as to protect against unfair surprise). Under Rule 37(c)(1), where a party does not timely file expert reports, the district court may exclude the party's expert from testifying at trial on the matters the party was required to disclose. *NutraSweet Co. v. X-L Engineering Co.,* 227 F.3d 776, 785 (7th Cir. 2000). The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless. *Keach v. U.S. Trust Co.,* 419 F.3d 626, 639 (7th Cir.2005); *Salgado by Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998).

9. In this case, Plaintiff was well aware that expert disclosures were due on March 23. Moreover, Plaintiff refuses to confirm that it will limit its experts to the scope of their disclosures. Notably, Plaintiff has argued before to this Court that experts should not be allowed to exceed the scope of their disclosures. *See* Plaintiff's Reply in Support of Motion to Exclude Expert Testimony of Fred Baldassare (D.E. 174) at 4-5 & n.3 ("Regardless of what the Utilities now wish Baldassare would have written in his Report, he readily admitted at his deposition that the Report 'just didn't talk about'" the subject matter Plaintiff wanted to exclude).

4

10. Although this matter is now at the preliminary hearing stage, rather than a trial, the upcoming hearing is very much a high-stakes, trial-type proceeding, as the relief sought by Plaintiff in the case as a whole is largely subsumed by the terms of the preliminary injunction Plaintiff seeks. Not surprisingly, then, the Court carefully put the expert discovery schedule in place, presumably so that no party would be surprised by late-disclosed or newly disclosed expert opinions. When, as here, a party attempts to introduce an opinion at a preliminary injunction hearing that was not timely disclosed, courts have not hesitated to bar that testimony. *See, e.g.*, *Jindal v. U.S. Dep't of Educ.*, No. CIV.A. 14-534-SDD-RL, 2015 WL 2405950, at *3 (M.D. La. May 18, 2015) (granting motion to exclude the testimony of a witness at an upcoming preliminary injunction hearing under Rules 26 and 37 where witness was not disclosed in a timely manner). The reason for limiting Plaintiff's expert testimony at the preliminary injunction hearing to the disclosures in its expert reports is even more compelling here, where Plaintiff was denied permission to offer expert rebuttal testimony but now wants to supplement its experts' testimony with new information including some, in the case of Mr. Hendron (*see supra* n.1) simply never had at the time of his deposition. The Utilities thus reluctantly have filed this motion, understanding of its timing, in part because they believe that any effort by Plaintiff to make an end run around the Court's refusal of its request to allow rebuttal expert testimony ought to be stopped.

11. In addition, this preliminary injunction hearing is not of an emergency nature or has not been scheduled so hastily so as to disadvantage Plaintiff unfairly by holding it to the schedule the Court entered – this matter was pending for about a year and a half before Plaintiff sought a preliminary injunction that would grant it the very relief sought in its complaint. The instant preliminary injunction hearing is a critically important proceeding in this case, and the Utilities

submit respectfully that the Court should enforce the schedule it entered and bar Plaintiff from offering new expert opinions not disclosed in the expert reports.

### *Conclusion*

WHEREFORE, for the foregoing reasons, the Utilities respectfully request that the Court grant this motion.

Dated: August 13, 2018                              Respectfully submitted,

| | |
|---|---|
| Mark R. Ter Molen<br>Jaimy L. Hamburg<br>Matthew C. Sostrin<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606-4637<br>(312) 782-0600<br><br>*Counsel to Northern Illinois Gas Company* | NORTHERN ILLINOIS GAS COMPANY<br><br><br><br>By: /s/ *Mark R. Ter Molen*<br>     One of its Attorneys |
| Gabrielle Sigel<br>Andrew W. Vail<br>Alexander J. Bandza<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, Illinois 60654<br>(312) 222-9350<br><br>*Counsel to Commonwealth Edison Company* | COMMONWEALTH EDISON COMPANY<br><br><br><br>By: /s/ *Gabrielle Sigel*<br>     One of its Attorneys |

## **CERTIFICATE OF SERVICE**

      I, Gabrielle Sigel, hereby certify that on August 13, 2018, I electronically filed the foregoing **Utilities' Joint Motion in Limine To Bar Plaintiff's Experts' Opinions Not Disclosed Pursuant to the Rules or the Court's Orders** via the Court's CM/ECF system, which will deliver electronic notice of filing to all counsel of record.

      /s/ Gabrielle Sigel